### SCHOOL-DISTRICT No. 2 OF LAKE COUNTY v. SEARL.

*(Circuit Court, D. Colorado. January 12, 1889.)*

EMINENT DOMAIN—COMPENSATION—IMPROVEMENTS.

A receiver's receipt for a placer claim·was issued in April, and a patent in May, for the price of $2.50. The land was worth $3,000. In July, a school board, acting under advice of counsel, purchased the land from occupants for $3,500, and erected a school-house on it for $40,000. On condemnation proceedings by the school-district, *held*, that it should pay for the placer title $3,000,·and should not pay the value of the improvements.

At Law.

Petition by school-district No. 2, of Lake county, for the condemnation of the placer title of respondent, Searl, to land occupied by petitioner's school-house.

*Thomson & Sawyer* and *A. S. Blake*, for petitioner.

*F. W. Owers* and *S. P. Rose*, for defendant.

BREWER, J., (*orally.*) It appears that in April, 1881, a receiver's receipt was issued for a placer claim, and on the 18th of May, 1881, a patent was issued, and on the 1st day of July, 1881, the school board purchased from certain occupants of these premises this ground, and paid $3,500 for it. It acted under the advice of counsel in favor of the occupants, and against the placer title. The land (less than an acre) was then worth $3,000. The board has since erected a $40,000 school-house on the property.

We all know that that which gives value to land in a city is not the effort of any one man; that it is the aggregation of the efforts of many citizens. The government, in the spring of 1881, sells this placer ground for $2.50 an acre. In the same year an acre of that ground is worth $3,000, made so, not by the efforts of this present owner, but by the efforts and toil of the public. He has obtained from the public, represented by the government, land for which he pays $2.50. The efforts of a small portion of the public have made that land worth $3,000, and the same public has taxed itself to put $40,000 worth of improvements upon it; and then, because the legal title is put into his hands, he wants the public, which has thus made the land worth $3,000, and then paid for $40,000 worth of improvements upon it, to pay him that full sum, $40,-000. There is not one shadow of equity in it. Counsel says that this

claimant is hurt by the conduct of the school-district, so that he feels like insisting upon his "pound of flesh." Well, all I can say is that this court is the poorest place on the continent for any "pound of flesh" transactions, and if there was not a precedent or authority for such a ruling I would make one in this case. I never would put myself on record as saying that a man, under the circumstances, could compel the public to pay $40,000. If there is any law for such a claim somebody else has to affirm it before it can be allowed here. These various instructions will all be refused, except the last, which I presume is in accordance with the language of the statute.

Gentlemen of the jury, you are instructed that the form of your verdict will be as follows: "We, the jury, find, first that the accurate description of the property sought to be condemned in this action is lots 812, 811, 816, 818, and the north 13.6 feet and the east 35 feet of lot 810, North Poplar street, and lots 211 and 213 East Ninth street, in Cooper's subdivision of the surface of the Sizer placer, United States survey, No. 388, situate in the county of Lake and state of Colorado, together with the improvements thereon. Second, that the value of said property at this date is $3,000."